## Africa v. Warren County

*Thomas E. Africa,* for estate of Arlene Smith.
*Richard M. Rosenthal, Deputy Attorney General,* for Commonwealth and State Hospital.

*Joseph Altomare,* for Forest-Warren Department of Human and Mental Health Services.

WOLFE, *P.J.*, April 11, 1986—The pleadings are closed and defendant Warren County, operating by and through Forest-Warren Department of Human Services and Mental Health Services, its agents, servants and employees (hereinafter identified as county), has filed for judgment on the pleadings.[1]

The county's motion is founded in the Governmental Immunity Act, June 10, 1982, P.L. 452, (42 Pa.C.S. §8541).

Plaintiff argues the defense of governmental immunity is not applicable under the facts of this case, and on the contrary, advances the county is liable under the Sovereign Immunity Act, subsection (2), controlling medical-professional liability (42 Pa.C.S. §8521[2]).

Factually, plaintiff's cause is structured under the Wrongful Death and Survival Acts and the cause of decedent's death is not in dispute. Decedent's malnourished body was found on November 13, 1984, in a two-room rented apartment in Warren, Pa. The certificate of death notes decedent died of starvation and dehydration over a two-month period, and her schizophrenic illness was a contributing factor of death. The complaint alleges decedent, who suffered from schizophrenic illness, paranoid type, was discharged from the Warren State Hospital on July 23, 1984, and defendant county failed to properly supervise her subsequent to the discharge when it knew she had a history of mental illness and was for all practical purposes incapable of caring for herself without proper supervision and medication.

1. It is improper to enter in the caption a defendant's agents, servants and employees. Such identification is properly pleaded in the body of the complaint.

Decedent was admitted to the state hospital under the Mental Health and Retardation Act.

The county is identified in the complaint, paragraph 2(b), as a political subdivision of the Commonwealth of Pennsylvania, operating by and through the Forest-Warren Department of Human Services and by and through the Mental Health Services, and agency and sub-agency, respectively, of the county.

Paragraph three of the complaint alleges at all times material to the averments contained in the action, defendants were charged with the responsibility of providing, jointly and severally, a continuity of care for mental patients in Warren County pursuant to the Mental Health Procedures Act of 1976 and the Mental Health and Mental Retardation Act of 1966.

Paragraph 21 of the complaint which purports to establish the misfeasance of the county alleges:

"That Agency (County), by and through its actions and/or inactions, and at a time when it knew or should have known that the decedent was incapable of caring for herself without proper supervision and medication, was specifically negligent in causing the death of plaintiff's decedent in:

"a. Failing to promptly search for, locate and return Arlene Smith to the protective and benevolent custody of either Warren General Hospital in Warren, Pennsylvania, or to Hospital; and,

"b. Failing to make more than a cursory effort to establish contact with Arlene Smith once it was known that she had established a residence in the Exchange Hotel in Warren, Pennsylvania; and,

"c. Failing to take such other reasonable and prudent steps as were necessary to insure that Arlene Smith would not become a danger to herself through self-neglect; and,

"d. Negligence as a matter of law."

Rule 1034 controlling motion for judgment on the pleadings provides, in essence, after the pleadings are closed upon motion the court shall enter such judgment or order as shall be proper on the pleadings. After review of the entire complaint and viewing it in the light most favorable to plaintiff and reflected nonetheless to the affirmative defense of immunity as advanced by the county, we conclude the motion must be granted.

The substance of the county's position is the county was effectively an agent for the Commonwealth and, as such, is subject to the exceptions to sovereign immunity. The rationale of this argument is the county established the Forest-Warren Department of Human Services and Mental Health Services,[2] and in doing so accepted all of the responsibilities under the Mental Health and Retardation Act functioning as an arm of the Commonwealth of Pennsylvania, Department of Public Welfare.

The county argues it is incongruous to compel the county to establish mental health facilities under the respective Mental Health and Retardation Acts and by so doing transpose the county as a local agency of the Commonwealth to the status of the sovereign, the Commonwealth of Pennsylvania, or its bureaucratic Department of Public Welfare. In essence, the county argues because it is mandated to render the Mental Health Services on a local basis, it does not lose its governmental immunity.

Plaintiff has cited Bennett v. City of Philadelphia, 27 D.&C.3d 292 (1983). We do not see how this case supports plaintiff's position. In Bennett, supra, the court clearly recognized a dichotomy between

2. The 37th Judicial District is composed of Warren and Forest Counties.

the sovereign-immunity statute applicable to the Commonwealth of Pennsylvania and governmental immunity. There, plaintiff brought an action for a malpractice against the city which raised the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. The court observed:

"It is clear that the legislature granted a waiver of sovereign immunity with regard to medical liability on the part of the Commonwealth and its employees. No such provision was enacted with regard to political subdivisions."

Also cited is Melendez v. City of Philadelphia, 320 Pa. Super. 59, 466 A.2d 1060 (1983). This case is not of any help to plaintiff; indeed, the case does not discuss the subject of immunity but rather if the city owed any special duty of protection to plaintiff.

We conclude since plaintiff's cause does not fall under any of the eight exceptions to the defense of government immunity, judgment on the pleadings is proper as there are no other factual allegations to support plaintiff's claim against the county and enter the following

## FINAL ORDER

And now, April 11, 1986, the motion for judgment on the pleadings of Warren County, operating by and through Forest-Warren Department of Human Services and Mental Health Services, its agents, servants and employees, is granted.